ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| YVETTE MARRERO RUBIO<br><br>Peticionario<br><br>v.<br><br>BEVERLY YORDÁN SEGARRA EN REPRESENTACIÓN DEL CAUSANTE, SR. LUIS FERNANDO MARTÍNEZ YORDÁN<br><br>Recurrido | KLCE202400679 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil Núm.: SJ2023CV01242<br><br>Sobre: Liquidación de comunidad de bienes |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de julio de 2024.

Comparece Yvette Marrero Rubio (Marrero Rubio o peticionaria) y nos solicita la revocación de una *Orden*[1] emitida el 4 de junio de 2024 por el Tribunal de Primera Instancia, Sala de San Juan (TPI o foro primario), mediante la cual denegó una solicitud de relevo de sentencia.

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari*. Veamos.

**I.**

Marrero Rubio instó una *Demanda*[2] sobre partición de bienes en contra de Beverly Yordán Segarra (Yordán Segarra o recurrida), única heredera en línea ascendente de su hijo, el causante, Luis Fernando Martínez Yordán (Marrero Yordán). La peticionaria expuso que, el causante convivió con ella y dejó bienes muebles e inmuebles que forman parte de una comunidad de bienes sujeto a partición.

---

[1] Apéndice, pág. 1061.
[2] Apéndice, págs. 350-353.

Número Identificador

RES2024_____

En particular, alegó que, Martínez Yordán adquirió un bien inmueble sito en Hato Rey, Puerto Rico. Expresó que "una vez fue adquirida por el causante" la misma fue saneada y restaurada con esfuerzos y aportaciones económicas de Marrero Rubio. Sostuvo que, el causante y ella operaron el negocio Puerto Rico Mid Century. Añadió que, luego del fallecimiento del causante, ha continuado a cargo de la administración y sufragando los gastos del referido negocio y de las deudas del hogar. De sus alegaciones surge que, la peticionaria reconoce a la madre del causante, Yordán Segarra como legitimaria del causante. Sin embargo, sostiene que, Marrero Rubio tiene derechos en calidad de dueña en común proindiviso de todo lo adquirido por el causante durante la vigencia de la relación de convivencia. En su consecuencia, solicitó al TPI que ordene la división de la comunidad de bienes existente.

En reacción, Yordán Segarra acreditó su alegación responsiva e interpuso una reconvención.[3] Explicó que, los bienes muebles, entre ellos el auto del causante, fueron adquiridos en el 2010, mucho antes de que la demandante iniciara su relación de noviazgo con el causante. Alegó que, con posterioridad al fallecimiento del causante, Marrero Rubio traspasó el vehículo a su nombre sin autorización de ella como única heredera, producto de lo cual, presentó una querella en la Policía de Puerto Rico.

Yordán Segarra informó además que, el bien inmueble en controversia fue adquirido únicamente por su hijo, quien pagó la propiedad con un préstamo hipotecario a su nombre, a favor de Oriental Bank. Afirmó que su hijo fallecido no tenía cuentas en común con Marrero Rubio, debido a que, el negocio DBA Antique Mall o Puerto Rico Mid Century (DBA) lo operaba su hijo desde antes de conocer a Marrero Rubio. Detalló que, a los seis (6) días del fallecimiento de su hijo, la peticionaria canceló el registro de

---

[3] Apéndice, págs. 391-417.

comerciante del negocio DBA y abrió una Corporación intitulada, Puerto Rico Mid Century Design LLC., para vender los bienes del negocio.

A esos efectos, Yordán Segarra le suplicó al foro primario que ordene a la peticionaria a cesar y desistir de vender bienes pertenecientes al caudal hereditario. Además, solicitó acceso a los documentos, tarjeta ATH, cuentas bancarias, tarjetas de crédito, celular y bienes muebles pertenecientes al caudal. Añadió que, como madre, realizó varios pagos de la hipoteca y de la deuda que su hijo mantenía con el Centro de Recaudaciones de Ingresos Municipales (CRIM). Por último, negó la existencia de una comunidad de bienes entre Marrero Rubio y el causante.

En su reconvención, Yordán Segarra hizo referencia a las alegaciones previamente resumidas, reiteró su solicitud de orden de cese y desista en contra de la peticionaria, y suplicó el resarcimiento de los daños y perjuicios sufridos. En particular, informó que presentó una acción de desahucio (Caso Civil Núm. SJ2023CV01137) en contra de Marrero Rubio, en aras de lograr su desalojo de la propiedad inmueble en controversia.

Así las cosas, Yordan Segarra enmendó la reconvención y presentó una demanda contra tercero, a los fines de incluir a Puerto Rico Mid Century Design LLC como codemandada.[4] El foro primario autorizó la *Reconvención Enmendada*, no así la *Demanda contra Tercero*,[5] la cual fue contestada el 22 de agosto de 2023.[6]

Superado lo anterior y evaluados los asuntos interlocutorios pendientes de descubrimiento de prueba, el 28 de marzo de 2023, el TPI emitió una *Resolución y Orden*[7] en la cual ordenó a las partes cesar y desistir de disponer de los bienes del caudal y permitió a la

---

[4] Apéndice, págs. 444-452.
[5] Apéndice, pág. 532.
[6] Apéndice, págs. 535-541.
[7] Apéndice, pág. 427.

peticionaria exponer su posición sobre el traspaso del vehículo, entre otros asuntos. Además, en esa etapa procesal, el TPI ordenó la acreditación de un inventario de los bienes del caudal y entretuvo solicitudes de remedios provisionales.

Pendiente lo anterior, el 5 de marzo de 2024, Yordan Segarra instó una *Solicitud de Sentencia Sumaria Parcial*.[8] En esta propuso diez (10) hechos incontrovertidos relacionados a la titularidad, hipoteca y posesión del inmueble sito en Hato Rey. Basado en lo antes expuso que, en ausencia de controversias medulares, procede declarar a Yordán Segarra dueña del inmueble en controversia. A esos efectos, solicitó la posesión del bien inmueble y el desalojo inmediato de Marrero Rubio de la propiedad en disputa.

La peticionaria se opuso[9] por entender que existen controversias medulares que impiden la adjudicación de la causa por la vía sumaria. En esencia, expresó que es co-propietaria del inmueble objeto de este litigio por haberse constituido una comunidad de bienes.

Evaluado lo anterior, el 4 de abril de 2024, el TPI notificó una *Sentencia Parcial*,[10] en la cual consignó como hechos incontrovertidos, los siguientes:

1. Don Luis Fernando Martínez Yordán (Causante), falleció el 3 de dic[i]embre de 2022. Entrada 115-1 Acta de Defunción.
2. El Causante falleció siendo soltero, nunca procreó ni adoptó hijos, y habiéndole premuerto su padre, el 30 de enero de 2023, en un procedimiento exparte presentado por BEVERLY YORDÁN SEGARRA, el Tribunal dictó una Resolución declarando a BEVERLY YORDÁN SEGARRA, madre del Causante y Demandada-Reconveniente en el presente caso, "única y universal heredera del causante [...] sin perjuicio de terceros." Regla 201 de Evidencia, SJ2023CV00781.
3. El 10 de septiembre de 2021, Empresas Zepol, Inc. en calidad de vendedora y el Causante en calidad de comprador

---

[8] Apéndice, pág. 681-868. Junto a su petitorio presentó los siguientes documentos: Anejo 1-Certificado de defunción de Luis Fernando Martínez Yordan; Anejo 2-Resolución de Declaratoria de Herederos; Anejo 3- Escritura núm. 15 de Hipoteca; Anejo 4-Escritura núm. 283 de Compraventa y Designación de Hogar Seguro; Anejo 5-Datos del Registro de la Propiedad y Anejo 6-Transcripción de Yvette Marrero Rubio.

[9] Apéndice, págs. 873-976. Junto a su moción incluyó los siguientes documentos: Anejo 1-Application for Life Insurance; Anejo 2-Primer Pliego de Interrogatorio y Requerimiento de Producción de Documentos; Anejo 3-Contestación a Primer Pliego de Interrogatorio y Requerimiento de Producción de Documentos; Anejo 4-Facturas sobre mejoras a la propiedad; Anejo 5-Cápturas de pantalla.

[10] Apéndice, págs. 1-10.

otorgaron la Escritura 283 de Compraventa y Designación de Hogar Seguro ante el notario público Alejandro J. Cacho para la compra del inmueble que allí [s]e describe como sigue:

> URBANA: Solar: número 7-B de la manzana K de la Urbanización Residencial Reparto Parque Central en el barrio Hato Rey de San Juan, Puerto Rico, con un área de 235.1 metros cuadrados. Colinda por el Norte, en 30.76 metros, con el solar K-7-A; por el Sur, en 30.78 metros, con el solar K-8-A; por el Este, en 7.65 metros, con la calle del Parque; y por el Oeste, en 7.65 metros, con terrenos propiedad de Rosa Fonalledas. Contiene una casa de en [sic] cemento.
>
> Finca número 20,878 inscrita al folio 98 del tomo 1490 de Río Piedras Norte. Finca Número 20878, Registro de la Propiedad de Puerto Rico, Segunda Sección de San Juan. Catastro número: 062-069-614-09-862 (la Casa). Entrada 115-4.

4. El Causante compareció como único comprador en la Escritura 283. *Id.*
5. El mismo 10 de septiembre de 2021, el Causante en calidad de Deudor Hipotecario y Oriental Bank en calidad de Acreedor, otorgaron la Escritura Número 15 de Hipoteca ante el notario público José Manuel Álvarez Allende para constituir un gravamen sobre la Casa en garantía de un pagaré de $123,700.00. Entrada 115-3.
6. La Demandante no compareció en las Escrituras 15 y 283 antes relacionadas.
7. El Causante era el único dueño de la Casa desde 10 de septiembre de 2021 hasta su fallecimiento.
8. El 24 de febrero de 2022, quedó inscrita en el Registro de la Propiedad la titularidad del Causante sobre la Casa, y el 26 de octubre de 2023 quedaron inscritos los derechos hereditarios de Yordán Segarra. Entrada 115-B.
9. La Demandante vive en la Casa y no está dispuesta a pagar renta. Entrada 15-6C, págs. 54-56. Yordán no tiene llaves de la Casa. *Id.*[11] (Énfasis suprimido.)

Basado en lo antes, el TPI declaró ha lugar la causa en cuanto a la reconvención, decretando la titularidad de Yordán Segarra sobre la casa y la ausencia de titularidad por parte de Marrero Rubio. A esos efectos, ordenó a la peticionaria desalojar la casa y entregar las llaves y acceso a Yordán Segarra. Lo antes, sin perjuicio de los créditos que Marrero Rubio pudiera tener, en la medida en que, con su trabajo o aportación económica haya acrecido el patrimonio o caudal relicto del causante, o de los créditos que, Yordán Segarra pudiera tener por el periodo (a partir del 28 de febrero de 2023) en que la peticionaria ha ocupado la casa en exclusividad, sin pagar renta.

Inconforme, el 19 de abril de 2024, la peticionaria solicitó reconsideración y determinaciones de hechos adicionales,[12] lo cual

---

[11] Apéndice, págs. 5-6.
[12] Apéndice, págs. 200-206.

fue denegado mediante notificación en autos el 22 de abril de 2024. Ahora bien, transcurrido el término de revisión judicial sin acudir ante esta Curia, el referido dictamen advino final y firme. No obstante, el 3 de junio de 2024, Marrero Rubio solicitó un relevo de sentencia.[13] Al denegar el referido petitorio post-sentencia, el 4 de junio de 2024, el TPI consignó lo siguiente:

> La moción de relevo de sentencia por nulidad, descubrimiento de evidencia esencial y otra razón que justifica la concesión del remedio contra los efectos de la sentencia (Entrada 127) se declara Sin Lugar. Del anejo a la Moción pudiéramos inferir la existencia de una póliza de seguro de vida de la cual la Demandante era beneficiaria ya fuera en todo o en exceso del balance del un [sic] préstamo otorgado por Oriental Bank. Cuya póliza no obra en el expediente. Nada de lo cual justifica dejar sin efecto la Sentencia Parcial (Entrada 123) contra la cual ninguna de las partes acudió en alzada y que ha advenido final, firme e inapelable.[14]

Insatisfecha con la denegatoria de la solicitud de relevo de sentencia, la peticionaria acude ante esta Curia y señala la comisión de los siguientes errores:

> Erró el Tribunal Superior al dictar una sentencia en un caso de comunidad de bienes por acuerdo implícito sin desfile de prueba.
>
> Erró el Tribunal Superior al declarar con lugar una solicitud de sentencia sumaria en una situación que se requiere desfile de prueba para examinar estado mental e intención.
>
> Err[ó] el Tribunal Superior al declarar sin lugar una moción de relevo de sentencia por los fundamentos de nulidad y otros ante un quebrantamiento del debido proceso de ley a ser oído y presentar prueba a su favor.

Junto a su recurso instó una *Moción solicitando auxilio de jurisdicción.* Ponderado lo solicitado denegamos la referida moción y ordenamos a la parte recurrida exponer posición. En cumplimiento, la recurrida acreditó su *Oposición a la Petición de Certiorari* por lo que, con el beneficio de la comparecencia de las partes, procedemos a resolver.

## II.

**A. Expedición de la Petición de *Certiorari* Post Sentencia**

---

[13] Apéndice, págs. 1051-1060.
[14] Apéndice, pág. 1061.

Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones, mediante auto de *certiorari*. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 847 (2023). El recurso de *certiorari* es un auto procesal extraordinario, por el cual, un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1; *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* supra.

Las Reglas de Procedimiento Civil establecen que, el Tribunal de Apelaciones expedirá el recurso de *certiorari,* cuando el peticionario recurra de una resolución u orden sobre remedios provisionales, *injunctions* o de la denegatoria de mociones dispositivas. *Torres González v. Zaragoza Meléndez,* supra. En ese sentido, el auto de *certiorari* es limitado y excluye aquellas determinaciones interlocutorias que, pueden esperar hasta la determinación final del tribunal para formar parte de un recurso de apelación. *800 Ponce de León v. AIG*, 205 DPR 163 (2020). El delimitar la revisión, a instancias específicas, tiene como propósito evitar la dilación que causaría la revisión judicial de controversias, que, pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp.*, et al., 202 DPR 478 (2019).[15]

Ahora bien, la Regla 52.1 de Procedimiento Civil de 2009, *supra,* establece excepciones que permiten la revisión de: (1) decisiones sobre admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) casos de relaciones de familia; (5) asuntos de interés público y (6) situaciones en la cuales esperar a la

---

[15] Citando a *Mun. de Caguas v. JRO Construction*, supra; *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 729 (2017).

apelación constituye un fracaso irremediable a la justicia. *800 Ponce de León v. AIG*, supra.

Como puede observarse, la Regla citada no contempla los **dictámenes posteriores a la sentencia**, por lo que, al determinar si procede la expedición de una petición de *certiorari*, el Tribunal de Apelaciones viene obligado a acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145, resuelto el 19 de diciembre de 2023; *IG Builders et al. v. BBVAPR*, 185 DPR 307, 339 (2012). De imponerse las limitaciones de la Regla 52.1, *supra*, a la revisión de dictámenes post sentencia, tales determinaciones inevitablemente quedarían sin posibilidad alguna de revisión apelativa. *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, supra. En tal sentido, es preciso enfatizar que, si bien el auto de *certiorari* es un mecanismo procesal discrecional, dicha discreción del foro revisor no debe hacer abstracción del resto del derecho. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019).

Cabe destacar que, el examen que hace este Tribunal, previo a expedir un *certiorari*, no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra.* Véase, además, *Mun. de Caguas v. JRO Construction*, supra. A fin de que, este Tribunal pueda ejercer su discreción de manera prudente, la Regla 40 del Reglamento de Apelaciones, *supra*, R. 40, establece los criterios que deberán ser considerados, al determinar si procede o no expedir un auto de *certiorari*.[16] Los referidos criterios establecidos en la citada Regla 40 son los siguientes:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[16] Véase, *Mun. de Caguas v. JRO Construction, supra,* pág. 712.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Como ya indicamos, los criterios antes transcritos, nos sirven de guía para poder determinar si procede o no intervenir en el caso, en la etapa del procedimiento en que este se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De esta manera, el foro apelativo deberá ejercer su facultad revisora, solamente en aquellos casos en que se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra.

### B. Relevo de Sentencia

Los tribunales pueden discrecionalmente relevar a una parte de los efectos de una sentencia, orden o procedimientos por las razones definidas en la Regla 49.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2; *Pérez Ríos y otros v. Luma Energy, LLC,* 2023 TSPR 136, resuelto el 16 de noviembre de 2023. Las razones que provee la referida Regla son las siguientes: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio; (c) fraude extrínseco o intrínseco, falsa representación u otra conducta impropia de la parte adversa; (d) nulidad de sentencia; (e) la sentencia fue satisfecha o renunciada; la sentencia anterior en la cual se fundaba fue revocada o dejada sin efecto; no sería equitativo

que la sentencia continúe en vigor; y (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. Regla 49.2 de las Reglas de Procedimiento Civil, *supra.*

El objetivo de la Regla 49.2, *supra,* es proveer un mecanismo post sentencia que impida que los fines de la justicia se vean frustrados mediante tecnicismos y sofisticaciones. *Pérez Ríos y otros v. Luma Energy, LLC,* supra. De ordinario, la determinación de relevar a una parte de los efectos de una sentencia depende de la discreción del foro sentenciador, salvo cuando se trate de un dictamen nulo -por haberse dictado sin jurisdicción o en violación al debido proceso de ley- o cuando la sentencia ha sido satisfecha. *Íd.*

Como se sabe, la persona que se ampara en la Regla 49.2 de las Reglas de Procedimiento Civil, *supra,* debe aducir al menos de una de las razones antes enumeradas. *HRS Erase v. CMT,* 205 DPR 689, 697 (2020). Asimismo, la existencia de una buena defensa, más algunas de las razones antes mencionadas, deben inclinar la balanza a favor de conceder el relevo. *García Colón et al. v. Sucn. González,* 178 DPR 527, 540-541 (2010). No obstante, el relevo no se puede conceder si le ocasiona perjuicio a la parte contraria o si se alegan cuestiones sustantivas que debieron ser formuladas mediante solicitud de reconsideración a una apelación. *Íd.,* pág. 541. Tampoco procede el relevo de sentencia a favor de un promovente que no haya sido diligente en la tramitación del caso. *Neptune Packaging Corp. v. Wackenhut Corp.,* 120 DPR 283, 292 (1988).

Respecto al término en el cual se debe presentar una moción de relevo, el texto de la Regla 49.2, *supra,* es categórico en cuanto a que la moción de relevo debe presentarse dentro de un término razonable "pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento." Ahora bien, el Tribunal Supremo aclaró

que, el referido plazo es inoperante ante una sentencia nula. *Pérez Ríos y otros v. Luma Energy, LLC,* supra. Cabe señalar que, una moción de relevo de sentencia no puede ser sustitutiva de los recursos de revisión o reconsideración. *Piazza Vélez v. Isla del Río, Inc.,* 158 DPR 440, 449 (2003).

**III.**

En el presente caso, nos corresponde resolver si el TPI actuó correctamente al denegar la solicitud de relevo de sentencia que instó la peticionaria. Reiteramos que, la facultad para dejar sin efecto una sentencia es discrecional, salvo que la misma sea nula o que haya sido satisfecha. En virtud de lo anterior, nuestra revisión apelativa se limita a evaluar si el TPI erró en su facultad discrecional.

En su recurso, la peticionaria solicita el relevo de la sentencia fundamentado en los incisos (b), (d) y (f) de la Regla 49.2 de Procedimiento Civil, *supra.* Con respecto al inciso (b) relacionado al descubrimiento de prueba, la peticionaria discute que, recientemente, tras el fallecimiento del causante, se activó la póliza del seguro de vida hipotecario, la cual saldó el balance hipotecario. Añade que, debido a que el causante la designó como única beneficiaria en dicha póliza, recibió el sobrante luego del saldo. Sobre tales bases, la peticionaria argumenta que, ello evidencia la intención del causante de que entre ambos existiera una comunidad de bienes.

En cuanto a la alegada nulidad de sentencia cobijada en el inciso (d) de la Regla 49.2, *supra,* la peticionaria expone que el TPI violentó su debido proceso de ley al disponer sumariamente de este asunto, sin permitirle presentar evidencia en un juicio plenario sobre la intención del causante de establecer entre ellos una comunidad de bienes.

Por último, la peticionaria invoca el inciso (f) el cual viabiliza solicitar el relevo de una sentencia ante cualquier otra razón que

justifique la concesión de un remedio en contra de sus efectos. Lo antes, fundamentado en que, el TPI menoscabó su derecho a presentar evidencia de que existió una comunidad de bienes entre ella y el causante y que ello la convirtió en copropietaria del bien inmueble objeto del litigio.

Tras nuestro estudio sosegado del recurso de la peticionaria, de la oposición de la recurrida y del expediente que los acompaña, advertimos que ningún criterio jurídico justifica que dejemos sin efecto el dictamen impugnado. Surge de la *Orden* recurrida que, la póliza de seguro de vida que instituyó a Marrero Rubio como única beneficiaria del causante no justifica relevar a las partes de los efectos de la *Sentencia Parcial* notificada el 4 de abril de 2024. Además, el foro primario descartó el argumento de la peticionaria con respecto a la presunta nulidad del dictamen impugnado. Allí también, el foro primario precisó que, la *Sentencia Parcial* de la cual la peticionaria interesa relevarse, -vencido el término para acudir ante esta Curia en revisión judicial- es final, firme e inapelable.

Se desprende de lo anterior que, el TPI dispuso de la solicitud de relevo conforme a la Regla 49.2 de las Reglas de Procedimiento Civil, *supra,* y dentro del marco del debido proceso de ley. De manera que, no amerita que obviemos la norma de abstención judicial que regula el ejercicio de nuestras funciones en dictámenes como el de autos. Tampoco identificamos fundamento alguno que justifique la expedición del auto de *certiorari* en aras de evitar un fracaso a la justicia. Cabe reiterar que, según dispuso el Tribunal Supremo en *Piazza Vélez v. Isla del Río, Inc.,* supra, la moción de relevo de sentencia no puede sustituir el recurso de apelación o revisión ante el foro apelativo. En virtud de lo anterior, nos abstendremos de intervenir en este asunto.

**IV.**

Por los fundamentos esbozados, denegamos la expedición del auto de *certiorari,* según solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones